UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TENNESSEE R. HANDY                                    CIVIL ACTION

VERSUS                                                NO. 14-1880

SOCIAL SECURITY ADMINISTRATION              SECTION "H" (3)

REPORT AND RECOMMENDATION

Plaintiff Tennesee R. Handy ("plaintiff") filed this action on behalf of her son ("claimant") pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying an application for child's supplemental security income ("SSI") under Title XVI of the Social Security Act ("SSA").  The matter has been fully briefed on cross-motions for summary judgment and is ripe for review.  For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

I.      BACKGROUND

Plaintiff filed an application for SSI on behalf of claimant on April 10, 2012, alleging a disability onset date of March 20, 2012, the date of claimant's birth. (Adm. Rec. at  229-34). Plaintiff alleges disability due to claimant's blindness in his right eye.  (*Id.* at 248).  Claimant, born on March 20, 2012, was not yet a year old on the date on which he alleged disability and one year old at the time of the final administrative decision.  (*Id.* at 245).  Obviously, claimant has no education and no past work experience.

Defendant initially denied plaintiff's application on May 7, 2012. (*Id.* at 167). Plaintiff sought an administrative hearing, which defendant held on March 7, 2013. (*Id.* at 139-66). Plaintiff testified at the hearing.

On May 2, 2013, the administrative law judge ("ALJ") issued a decision in which she found that claimant had not been disabled through the date of the decision. (*Id.* at 124-34). In the decision, the ALJ concluded that claimant has the severe impairment of Peters' anomaly of the right eye. (*Id.* at 127). The ALJ held that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments under the regulations. (*Id.*). Analyzing the six functional equivalence domains, the ALJ concluded that claimant has no limitation in acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, and caring for himself. (*Id.* at 129-33).[1] The ALJ determined that claimant has a less than marked limitation in health and physical well being. (*Id.* at 133). She thus concluded that claimant is not disabled. (*Id.* at 134).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that claimant is not disabled. (*Id.* at 119-20). On May 19, 2014, the Appeals Council ("AC") initially denied plaintiff's request. (*Id.* at 8-13). Plaintiff asked the AC to re-open the case to consider new evidence. The AC did so – vacating its May 19, 2014 denial – but ultimately denied the request for review. (*Id.* at 1-6).

---

[1] The Court pauses here to recognize that this lawsuit presents the unusual case of a one-year old (through his mother) applying for social security income. The Court queries, for example, how a one-year old can care for himself. While it appears that several of the criteria of some of the functional equivalence domains may apply to a one-year old, the majority of them do not. Notwithstanding this reservation, the issues raised by the parties on appeal – as noted below – do not challenge the substantive application of the domains to a one-year old.

Plaintiff then timely filed this civil action.

## II.   STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence.  *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002).   It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision.  *See Boyd v. Apfel*, 239 F.3d  698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner.  *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts.  *Carey,* 230 F.3d at 135.  Any

3

of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555.  Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it.  *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

### III.    ENTITLEMENT TO BENEFITS UNDER THE ACT

A child is entitled to disability benefits if he or she has a severe medically-determinable physical or mental impairment or combination of impairments that cause marked and severe functional limitations, and that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 20 C.F.R. §§ 416.906, 416.924. The ALJ employs the following three-step sequential evaluation process in evaluating childhood disability cases: (1) is the child engaged in substantial gainful activity?; (2) does the child have a severe impairment or combination of impairments?; and (3) does the severe impairment(s) meet, medically equal, or functionally equal the severity of any impairment listed in Pt. 404, Subpt. P, App. 1 (the listings)? 20 C.F.R. § 416.924(a)-(d).

In evaluating functional equivalence at step three, the Commissioner considers how a child functions in his activities in terms of six domains of functioning. 20 C.F.R. § 416.926a(b)(1). As noted above, the six domains include: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1), (g)-(l). Functional equivalence means that the impairment is of listing-level severity and results in

4

"marked" limitations in two of the six domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). A "marked" limitation in a domain is when an impairment interferes seriously with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2). An "extreme" limitation interferes *very* seriously with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3).

## IV.    ISSUES ON APPEAL

There are two issues on appeal:

(1)    Whether substantial evidence supports the AC's consideration of the additional evidence.

(2)    Whether substantial evidence supports the ALJ's consideration of the state agency physician's opinion.

## V.    ANALYSIS

### 1.    Whether substantial evidence supports the AC's consideration of the additional evidence.

Citing *Epps v. Harris*, 624 F.2d 1267 (5th Cir. 1980), and *Culver v. Astrue*, 924 F. Supp. 2d 1295 (N.D. Ala. 2013), plaintiff contends that the AC failed to adequately consider the new evidence that she submitted to it when she appealed the ALJ's denial of SSI.  After the ALJ rendered her decision, plaintiff submitted (1) a May 22, 2013 operative report that revealed that claimant had his right eye removed, and (2) a June 2013 Early Steps evaluation with IFSP and BDI that demonstrates two standard deviations below the mean in overall communication and receptive communication. Plaintiff contends that the June 2013 report reveals that claimant has a marked limitation in interacting and relating to others.

5

Generally, a claimant may present new evidence at each stage of the administrative process. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (citing 20 C.F.R. § 404.900(b)). The AC has the discretion not to review the ALJ's denial of benefits. *See* 20 C.F.R. §§ 404.970(b), 416.1470(b). However, the AC must only consider evidence that is (1) new, (2) material, and (3) chronologically relevant. *Ingram*, 496 F.3d at 1261 (citing 20 C.F.R. § 404.970(b)). The new evidence is material if "it is relevant and probative so that there is a reasonable possibility that it would change the administrative result." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987) (citations omitted). It is chronologically relevant if "it ***relates*** to the period on or before the date of the [ALJ] hearing decision." 20 C.F.R. § 404.970(b) (emphasis added). If these conditions are satisfied, the AC must then review the case to see whether the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Id.*

When a claimant properly presents new evidence, and the AC denies review, the AC must show in its written denial that it has adequately evaluated the new evidence. *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980). If the AC merely "perfunctorily adhere[s]" to the ALJ's decision, the Commissioner's findings are, by definition, unsupported by substantial evidence. *Id.* ("This failure alone makes us unable to hold that the Secretary's findings are supported by substantial evidence. . . ."). In such cases, the Court must remand the decision to the Commissioner "for a determination of [the claimant's] disability eligibility reached on the total record." *Id.* (citation omitted); *accord Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir. 1984) (holding that AC perfunctorily adhered to the ALJ's decision and that it had previously "been unable to hold the Secretary's findings were supported by substantial evidence under circumstances such as these")

6

(citing *Epps*, 624 F.2d at 1273); *Ingram*, 496 F.3d at 1263 (quoting *Bowen* to the same effect).

In *Culver*, the court remanded the lawsuit, finding that the AC had perfunctorily adhered to

the ALJ's decision after the admittance of new evidence when it stated,

> [i]n looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We also considered the contentions raised in your representative's brief dated March 21, 2011. We found this information does not provide a basis for changing the Administrative Law Judge's decision.

924 F. Supp. 2d at 1302.  Here, the AC stated similarly:

> We also looked at the information from Early Steps dated May 21, 2013 through July 27, 2013.  The Administrative Law Judge decided your case through May 2, 2013.  This new information is about a later time.  Therefore, it does not affect the decision about whether you were disabled beginning on or before May 2, 2013.
>
> If you want use to consider whether you were disabled after May 2, 2013, you need to apply again.  The new information you submitted is available in your electronic file for you to use in your new claim.

(Adm. Rec. at 2).

Here, however, the Court finds that the AC did not err because the newly-submitted evidence

is not chronologically relevant.  As noted above, to be chronologically relevant, the evidence must

relate to the period on or before the date of the ALJ's decision.  20 C.F.R. § 404.970(b).  The

evidence submitted to the AC here was dated May 22, 2013 and June 2013.  The ALJ rendered her

decision on May 2, 2013.  The new evidence was thus not chronologically relevant, and it was not

error for the AC not to remand to the ALJ.  *Castillo v. Barnhart*, 325 F.3d 550, 551 (5th Cir. 2003)

(holding that records submitted to Appeals Council are not material if they pertain to evidence of

a later-acquired disability or the subsequent deterioration of a previously non-disabling condition);

20 C.F.R. § 416.1470 (b) (when faced with new evidence, the Appeals Council will "evaluate the

7

entire record including the new and material evidence submitted *if it relates to the period on or before the date of the administrative law judge hearing decision*") (emphasis added).  Thus, the proper course of action for plaintiff – as noted by the AC – was to submit an entirely new claim to the Commissioner with the additional evidence.

Plaintiff also argues that the AC should have included a detailed discussion of its findings, such as the specific weight given to the opinion and a recitation of the factors contained at 20 C.F.R. § 404.1527(d). However, it is well-established law that the AC is not required to engage in a detailed discussion of the evidence. *Higginbotham v. Barnhart*, 405 F.3d 332, 335 n.1 (5th Cir. 2005). Thus, the AC followed the proper procedure in rejecting plaintiff's request for review.

   2.   **Whether substantial evidence supports the ALJ's consideration of the state agency physician's opinion.**

In May 2012, state-agency physician Jerome Medley, M.D., reviewed the medical evidence and determined that claimant did not meet or functionally equal a childhood listing. (Adm. Rec. at 358-60). Medley is an expert in disability evaluation, and the ALJ was required to consider his opinion. *See* 20 C.F.R. § 416.927(e).  Medley's opinion is consistent with the evidence submitted from the relevant period which shows that the claimant functioned normally despite his right eye impairment. (Adm. Rec. at 388-89, 398-99, 420-23).

The record before the ALJ, for instance, indicated that claimant functioned normally shortly after birth. (*Id.* at 352). An eye examination revealed Peters' anomaly (cloudy cornea) but no other abnormalities. (*Id.* at 339). Subsequent examinations revealed glaucoma, thin sclera, and enlargement of the eye, but physicians nevertheless noted that the claimant was alert, oriented, and

reactive, and otherwise acted in an age appropriate manner. (*Id.* at 376-79, 388-89, 398-99, 414-15, 420-23). In fact, notes from less than one month before the ALJ's decision reiterated that claimant functioned normally. (*Id.* at 422).  Accordingly, the ALJ properly relied on Medley's opinion and the evidence in the record before her.

Plaintiff contends that the ALJ improperly relied on Medley's opinion because evidence after her opinion demonstrates more limitations.  Specifically, plaintiff argues that the evidence demonstrates "marked" limitations in two functional domains: interacting and relating with others and health and physical well-being.  However, as noted above, the relevant evidence directly contradicts this assertion. With regard to interacting and relating with others, records consistently state that the claimant can adequately respond to visual and auditory clues and interact with those around him. (Adm. Rec. at 420-23). Occupational therapist Wendy Berthiume found the claimant "content," full of personality," and "attentive to toys and people" during her consultation. (*Id.* at 398). Thus, the ALJ properly found no limitation in the claimant's ability to interact and relate with others during the relevant period.

With regard to health and physical well-being, the ALJ noted that, although claimant experienced some discomfort such as pressure, sensitivity to light, and irritation after receiving eye drops, the claimant nevertheless functioned at a normal level. (*Id.* at 133, 388-89, 398-99, 420-23). Therefore, the ALJ properly found less than marked limitation in this domain. (*Id.* at 133). Because plaintiff has not put forth evidence demonstrating "marked" limitation in two of the six domains of functioning or "extreme" limitation in one domain, she has not demonstrated claimant's disability. 20 C.F.R. § 416.926a(a).

To conclude, plaintiff has put forth insufficient medical evidence to demonstrate that claimant met the necessary criteria at the time the ALJ rendered her opinion. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007); *see also Hernandez v. Heckler*, 704 F.2d 857, 860 (5th Cir. 1983) (finding that an ALJ's failure to consider the listings was not error because step three was not determinative). The Fifth Circuit has held that the criteria for the listings are "demanding and stringent." *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994). *All* of the specific criteria must be met. *Zebley*, 493 U.S. at 527. Plaintiff fails to meet her burden of demonstrating a presumptively disabling impairment in claimant at the time that the ALJ rendered her decision. Accordingly, substantial evidence supports the ALJ's determination.[2]

## VI.  CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the

---

[2]     This opinion shall not bear on nor influence any future opinion by the Commissioner should plaintiff re-submit a new claim with the additional evidence submitted to the AC.

10

district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d

1415, 1430 (5th Cir. 1996) (*en banc*).

     New Orleans, Louisiana, this 13th day of August, 2015.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**